**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| LINWOOD GRAY, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 25-4151 (UNA) |
|  | ) | |
| HARRY L. STALEY, | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The court GRANTS the application and, for the reasons discussed below, DISMISSES the complaint.

Plaintiff and Defendant entered into a partnership in or about September 1978 and, according to Plaintiff, the partnership has not been dissolved. *See* Compl. at 2. Defendant allegedly diverted assets for the purpose of establishing a separate business "in violation of fiduciary duties and statutory obligations," *id*., "excluded Plaintiff from decision-making, [and] withheld profits" from Plaintiff, *id*. Here, Plaintiff demands a declaration that the partnership remains in existence, *see id*., "a full accounting of partnership asses, liabilities, income, and expenditures from November 1995 to present," *id*. at 3 (emphasis removed), and damages, *see id*.

Under District of Columbia law, an action "accrues" within the meaning of D.C. Code § 12-302 "when the plaintiff suffers an injury." *District of Columbia v. Tinker*, 691 A.2d 57, 64 (D.C. 1997). By requesting an accounting dating back to November 1995, Plaintiff suggests that his cause of action arose then. It appears that, to the extent plaintiff raises valid legal claims,

1

they are time-barred.  This outcome should come as no surprise to Plaintiff, given his lack of success in suing this Defendant twice before.  *See Gray v. Staley*, 221 F. Supp. 3d 35, 40 (D.D.C. 2016) (concluding that District of Columbia's three-year statute of limitations barred all claims), *aff'd*, 707 F. App'x 2 (D.C. Cir. 2017) (per curiam); *see also Gray v. Staley*, No. 24-cv-1429 (D.D.C. July 1, 2024) (dismissing claims as barred by statute of limitations and under doctrine of res judicata).

An Order is issued separately.


DATE: March 20, 2026                              /s/
                                                  TANYA S. CHUTKAN
                                                  United States District Judge